

*U.S. Department of Justice*

*United States Attorney
District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts  02210*

June 14, 2005

***VIA FACSIMILE (w/o enclosures)
VIA FEDERAL EXPRESS (w/ enclosures)
Facsimile:  (617) 742-9989***

E. Peter Parker, Esq.
One Commercial Wharf North
Second Floor
Boston, MA 02110

    Re:    <u>United States v. Leo Beatty, Criminal No.  4:05-cr-40021-FDS</u>

Dear Attorney Parker:

    Pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following automatic discovery in the above-referenced case:

A.    <u>Rule 16 Materials</u>

1.    <u>Statements of Defendant under Rule 16(a)(1)(A)</u>

    a.    <u>Written Statements</u>

    There are no relevant written statements made by the defendant Leo Beatty (hereinafter referred to as "Defendant") in the possession, custody, or control of the government, the existence of which is known to the undersigned attorney for the government.

    b.    <u>Recorded Statements</u>

    As listed below under Section D, consensual audio and video recordings were made of personal meetings and/or telephone conversations involving Defendant.  Copies of the recordings in the possession, custody, or control of the government are enclosed at Bates Nos.

81-92.

    c.    <u>Grand Jury Testimony of the defendant</u>

Defendant did not testify before a grand jury in relation to this case.

    d.    <u>Oral Statements to then Known Government Agents</u>

The government is unaware of any oral statements made by Defendant before or after arrest, in response to interrogation by a person then known by Defendant to be a government agent, which the government intends to use at trial. If the undersigned attorney for the government becomes aware of any such statements, she will advise you at once.

2.    <u>Defendant's Prior Record under Rule 16(a)(1)(B)</u>

Enclosed is a copy of Defendant's prior criminal record and related documents at Bates Nos. 52-80.

3.    <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

Enclosed and listed below are copies of papers, documents and other tangible items that are within the possession, custody, or control of the government, and which are material to the preparation of Defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to Defendant. The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time:

    a.    Reports of investigation (DEA-6 reports) relating to this matter are enclosed at Bates Nos. 1-30. The undersigned attorney is currently in the process of obtaining copies of additional DEA-6 reports relating to: (i) telephone calls with Defendant between May 5, 2005 and May 9, 2005, and (ii) Defendant's arrest on May 9, 2005. These reports will be forwarded to you immediately upon receipt by the undersigned attorney for the government.

    b.    Cocaine base, also known as "crack cocaine," seized during the course of this investigation as more fully described in DEA-7 reports attached hereto as Bates Nos. 31-40.

    c.    All of the documents and/or tangible items (including but not limited to the aforementioned audio and video recordings) assigned "N" exhibit numbers and more fully described in DEA-7a reports attached hereto as Bates Nos. 41-47. The undersigned attorney is currently in the process of obtaining copies of additional DEA-7a reports relating to DEA Exhibits N-239 (March 17, 2005), N-285 (May 5, 2005, N-309 (May 5-9, 2005), and N-288 (May 9, 2005). These reports will be

              forwarded to you immediately upon receipt by the undersigned attorney for the government.

            d.      Audio and video recordings of phone calls and/or meetings with Defendant (Bates Nos. 81-92).

4.      <u>Reports of Examinations and Tests under Rule 16(a)(1)(D)</u>

        Copies of the drug analysis and weight reports regarding the controlled substances seized in this investigation (DEA-7 reports) are enclosed at Bates Nos. 31-40.

B.      <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

        No search warrants were conducted of property belonging to Defendant in this case. Any items seized from Defendant at the time of his arrest may be examined by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time. Copies of the DEA reports relating to Defendant's arrest are enclosed at Bates Nos. 48-51. As noted above, the undersigned attorney for the government is also in the process of obtaining a copy of the DEA-6 report relating to Defendant's arrest, which will be forwarded to you immediately upon receipt by the undersigned attorney for the government.

C.      <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

        No oral, wire or electronic communications of your client were intercepted by the government in connection with this case pursuant to 18 U.S.C. §§ 2510-2518.

D.      <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

        A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of oral communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which Defendant was intercepted or which the government intends to offer as evidence in its case-in-chief is set forth below (the reference to "N" exhibits are to the exhibit numbers assigned by DEA and reflected in the attached DEA 7a reports (Bates Nos. 41-47) and on the copies of the recordings (Bates Nos. 81-92)):

**<u>Cassette Tapes</u>**

      1.    <u>N-192; Bates No. 81</u>:    February 3, 2005 recorded telephone call between a cooperating witness ("CW") and Defendant regarding the purchase of cocaine base, also known as "crack cocaine," and February 3, 2005 recorded telephone message from CW to Defendant.

      2.    <u>N-206; Bates No. 82</u>:    February 10, 2005 recorded telephone call between CW

and Defendant to arrange for the purchase of crack cocaine.

4. <u>N-213; Bates No. 83</u>:   February 17, 2005 recorded telephone call between CW and Defendant to arrange for the purchase of crack cocaine.

6. <u>N-229; Bates No. 84</u>:   March 3, 2005 recorded telephone call between CW and Defendant to arrange for the purchase of crack cocaine.

8. <u>N-239; Bates No. 85</u>:   March 17, 2005 failed recording of telephone call between CW and Defendant to arrange for the purchase of crack cocaine

10. <u>N-285; Bates No. 86</u>:   May 5, 2005 recorded telephone call between CW and Defendant to arrange for the purchase of crack cocaine.

11. <u>N-309; Bates No. 88</u>:   May 5, 2005 – May 9, 2005 recorded telephone calls between UC and Defendant to arrange for the purchase of crack cocaine.

12. <u>N-288; Bates No. 87</u>:   May 9, 2005 recording of meeting between UC and Defendant leading to Defendant's arrest.

**DVDs**

1. <u>N-207; Bates No. 89</u>:   February 10, 2005 video and audio recorded meeting between an undercover DEA Agent (hereinafter "UC"), CW and Defendant during which UC bought crack cocaine from Defendant.

2. <u>N-214; Bates No. 90</u>:   February 17, 2005 video and audio recorded meeting between UC, CW and Defendant during which UC bought crack cocaine from Defendant.

3. <u>N-230; Bates No. 91</u>:   March 3, 2005 video and audio recorded meeting between UC, CW and Defendant during which UC bought crack cocaine from Defendant.

4. <u>N-240; Bates No. 92</u>:   March 17, 2005 video and audio recorded meeting between UC and Defendant during which UC bought crack cocaine from Defendant.

As noted above, the undersigned attorney is currently in the process of obtaining copies of the DEA-6 and DEA-7a reports related to N-285, N-309 and N-288, which are described above. These reports will be forwarded to you immediately upon receipt by the undersigned attorney for the government.

No transcripts of the above referenced recordings have been created at this time.

E.       <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There is no conspiracy count charged in the indictment.

F.       <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

Fitchburg Police Officers who participated in the investigation of Defendant as Task Force Agents for the U.S. Drug Enforcement Administration, and who were familiar with Defendant based on Defendant's prior interactions with the Fitchburg Police Department, identified the individual who was conducting drug transactions and/or meetings with the CS and UC in this matter as Leo Beatty.

With respect to other forms of identification of Defendant, the undersigned attorney for the government has no information indicating that Defendant was the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread, or other display of an image of Defendant. In the event that I become aware that such a procedure was used, I will immediately advise you at that time and provide you with copies of any tangible evidence reflecting, used in, or memorializing the identification procedure.

G.       <u>Exculpatory Evidence under Local Rule 116.2</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.       The government is aware of no evidence that would tend directly to negate Defendant's guilt concerning any count in the Indictment.

2.       The government is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief and that could be subject to a motion to suppress or exclude.

3.       The following promises, rewards, or inducements have been given to the CW whom the government anticipates calling in its case-in-chief:

The CW has been a confidential informant for DEA in this investigation since in or about September 2004. The CW has received payments for his/her assistance to DEA in this investigation and has previously received payments from DEA for his/her involvement in past, unrelated investigations. The government will supplement this information, including a statement of specific amounts of payments received by the CW for his/her assistance, in subsequent disclosures at the appropriate time. In addition, although the government does not consider them promises, rewards or inducements, the CW has also received reimbursements for expenses relating to his/her participation in some of these investigations.

Although the government is making the requisite disclosures about CW pursuant to Local Rule 116.(B)(1), the government declines to reveal CW's name at this time. Under separate cover, the government is sending a declination letter pursuant to Local Rule 116.6 to the Court in regard to this matter.

4. Except with respect to the CW, the government is unaware that any of its named case-in-chief witnesses have criminal records. A copy of the CW's criminal record will be produced at the appropriate time.

5. No named percipient witness failed to make a positive identification with respect to the crimes described in the Indictment.

H. Other Matters

The government recognizes that its duty of disclosure and discovery as set forth in Local Rule 116 and Rule 16 of the Federal Rules of Criminal Procedure is a continuing one.

In addition, please consider this letter to be a request for reciprocal discovery pursuant to Local Rule 116.1(D) and Fed. R. Crim. P. 16(b). I request that you provide a written response to my request for reciprocal discovery within 10 days of receipt of this letter.

As required by Local Rule 116.4(A)(3), I have, under separate cover, sent one (1) copy of the records containing the consensual recordings to Wyatt Detention Center, 950 High Street, Central Falls, RI, 02863, where Defendant is being detained.

I. Request for Alibi Information

Pursuant to Fed. R. Crim. P. 12.1, the government hereby requests notice of any intention to offer an alibi defense to the charged offense or any of the above-captioned meetings or conversations.

If you have any questions about any of this information or wish to discuss this case with me, please call us at (617) 748-3100.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:      */s/ Lisa M. Asiaf*
LISA M. ASIAF
Assistant U.S. Attorney

LMA/
Encl. (Bates Nos. 1-92)