

U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*                *United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts  02210*


November 11, 2005

*VIA FACSIMILE & MAIL*
*Facsimile:  (617) 742-9989*

E. Peter Parker, Esq.
One Commercial Wharf North
Second Floor
Boston, MA 02110

      Re:    United States v. Leo Beatty, Criminal No.  4:05-cr-40021-FDS

Dear Peter:

      In accordance with Local Rule 116.3 and Fed.R.Crim.P. 16(c), the government hereby responds to your discovery letter dated October 21, 2005.

      First, having "opted in" to discovery under the Local Rules, it is improper according to Local Rule 116.3(D) to request items expressly required to be produced under Local Rule 116.1. Your letter includes such categories.  Additionally, certain categories of materials that are discoverable are nonetheless not required to be produced until 21 days before trial.  Your letter includes many such items as well.  I object to all such requests in your letter as outside of the proper scope of discovery.  All of the government's specific responses set forth below are made subject to these general objections.

      **A(1).  Exculpatory Evidence**

      The government agrees to disclose exculpatory evidence in its possession, custody, or control as that term is defined in the applicable Local and Federal Rules within the time periods required by Local Rule 116.2(B).  Each of the defendant's specific requests for exculpatory evidence are discussed in turn:

      **A(1)(a).  Criminal Records**

E. Peter Parker, Esq.
November 11, 2005
Page 2 of 6

(1) As stated in my automatic discovery letter dated June 14, 2005, except with respect to the cooperating witness ("CW") referenced throughout the discovery produced to date, the government is unaware that any of its named case-in-chief witnesses have criminal records. If the undersigned attorney becomes aware of any such criminal records, she will advise you at once. With respect to the CW, although I have declined to reveal the CW's identity at this time in accordance with Local Rule 116.6, the government will produce a redacted copy of the CW's criminal record promptly. The government is under no obligation, however, to produce *certified* copies of criminal records, and therefore declines to comply with that portion of your request.

(2) All such information in the government's custody, possession, or control will be provided 21 days before trial in accordance with Local Rule 116.2(B)(2).

(3) To the extent that this request seeks more than the information required by Local Rule 116.2(B)(1)(c) (promises, rewards, or inducements), this request is governed by Local Rules 116.2(B)(2)(e) and (f), and is therefore not due until 21 days before trial. To the extent that this request seeks discovery beyond that required by the aforementioned Local Rules, the government declines to comply with this request.

(4) All such information in the government's custody, possession, or control will be provided 21 days before trial in accordance with Local Rules 116.2(B)(2)(e) and (f).

(5) The government declines to comply with this discovery request. The government is under no obligation to produce such prison records and the defendant has cited no authority stating otherwise.

**A(1)(b).  Promises, Rewards and Inducements**

(1) The government objects to this request as improper under Local Rule 116.3(D) and Fed.R.Crim.P. 16(a)(2). The government has produced such information related to the CW in prior discovery letters dated June 14, 2005 and July 6, 2005. The government is aware of its continuing duty to disclose under Fed.R.Crim.P. 16(c) and will continue to comply with its ongoing discovery obligations. To the extent that this request seeks information beyond the scope of Local Rule 116.2(B)(1)(c), the government objects to this request as improper.

(2) *See* Response A(1)(b)(1) above.

E. Peter Parker, Esq.
November 11, 2005
Page 3 of 6

    (3)    *See* Response A(1)(b)(1) above.

    (4)    *See* Response A(1)(b)(1) above.

    (5)    *See* Response A(1)(b)(1) above.

**A(1)(c).  Payments to Witnesses**

*See* Response A(1)(b)(1) above**.**

**A(1)(d).   Special Arrangements**

*See* Response A(1)(b)(1) above

**A(1)(e).  Credibility**

(1)    The government will produce all such information required by the Local Rules and governing case law in its possession, custody, or control 21 days before trial in accordance with Local Rules 116.2(B)(2)(a) and (b).

(2)    The government will produce all such information required by the Local Rules and governing case law in its possession, custody, or control 21 days before trial in accordance with Local Rule 116.2(B)(2)(a).

(3)    The government will produce all such information required by the Local Rules and governing case law in its possession, custody, or control 21 days before trial in accordance with Local Rules 116.2(B)(2)(a) and (d).

(4)    The government will produce all such information required by the Local Rules and governing case law in its possession, custody, or control 21 days before trial in accordance with these Local Rules.

(5)    The government will produce all such information required by the Local Rules and governing case law in its possession, custody, or control 21 days before trial in accordance with Local Rules 116.2(B)(2)(a) and (g).

(6)    No such tests were conducted in this matter.

(7)    To the extent that this request seeks information described in Fed.R.Evid. 608(a), the government objects to this request as improper.  To the extent that this request seeks information described in Fed.R.Evid. 608(b), all such discoverable

3

E. Peter Parker, Esq.
November 11, 2005
Page 4 of 6

      information will be provided 21 days before trial in accordance with Local Rule 116.2(B)(2)(f).

(8)    To the extent that this request seeks information described in Local Rule 116.2(B)(1)(c), *see* Response A(1)(b)(1) above. To the extent that this request seeks other information, the undersigned attorney does not understand the request. If you wish to clarify it, I will be happy to confer with you regarding same.

(9)    The government objects to this request as unclear and beyond the scope of information that is properly discoverable pursuant to the Local Rules and federal law.

### A(1)(f).  Inconsistent Statements

The government agrees to produce all such information that is discoverable under Local Rule 116.2(B)(2)(c) and that is in its possession, custody, or control 21 days before trial in accordance with the Local Rules.

### A(1)(g).  Law Enforcement Personnel

The government objects to producing this information as beyond the scope of proper discovery. *See* response A(1)(a)(1). Any additional discoverable information regarding trial witnesses will be provided 21 days before trial in accordance with Local Rule 116.2(B)(2).

### A(1)(h).  Promises, Rewards and Inducements to Defendants

The government objects to this request as improper and inapplicable to this matter. Your client is the only defendant in this case.

### A(1)(i).  Contradictory Information

The government objects to this request as improper under Local Rule 116.3(D). Any additional discoverable information regarding trial witnesses will be provided 21 days before trial in accordance with Local Rule 116.2(B)(2).

### A(2).  Identification Procedures

The government has produced information related to identifications under Local Rule 116.1(C)(1)(f) in its discovery letter dated June 14, 2005. The government is aware of its

4

E. Peter Parker, Esq.
November 11, 2005
Page 5 of 6

continuing duty to disclose under Fed.R.Crim.P. 16(c) and will continue to comply with its ongoing discovery obligations. The government otherwise objects to Requests A(2)(a) – (j) as beyond the scope of Local Rule 116.1(C)(1)(f).

### B.  Additional Discovery Requests

### B(1).  Rule 16(a)(1)(E)

The government has disclosed information responsive to Fed.R.Crim.P. 16(a)(1)(E) in its discovery letters dated June 14, 2005, June 22, 2005, and July 6, 2005. The undersigned attorney also recently became aware of additional discovery in connection with this matter. The government is in the process of gathering that discovery, which will be Bates-stamped and produced to you promptly.

### B(2).  Rule 16(a)(1)(F) and (G)

The government has disclosed information responsive to Fed.R.Crim.P. 16(a)(1)(F) in its discovery letters dated June 14, 2005 and June 22, 2005. As noted above, however, the undersigned attorney recently became aware of additional discovery in connection with this matter. The government is in the process of gathering that discovery, which will be Bates-stamped and produced to you promptly**.**

With respect to information discoverable under Fed.R.Crim.P. 16(a)(1)(G), the government objects to your request for disclosure no later than 45 days before trial. The government agrees to produce such discovery on the date ordered by the Court or, if no such order is entered, 30 days before trial, at which time the government requests that the defendant disclose reciprocal discovery under Fed.R.Crim.P. 16(b)(1)(C).

### B(3).  Preservation and Production of Notes

The government acknowledges its obligation to preserve all notes and reports required to be preserved under the Local Rules and governing case law. To the extent that this request seeks *production* of *Brady* material, the government will produce all such material in its possession, custody, or control 21 days before trial in accordance with the Local Rules. To the extent that this request seeks *Jencks* information, the government objects to this request and incorporates by reference Response B(4) below.

### B(4).  Early Release of *Jencks* Act material

The government has produced *Jencks* Act material with its discovery letters dated June 14, 2005, June 22, 2005, and July 6, 2005. With respect to other *Jencks* Act material, the government objects to defendant's request for early release of same.

E. Peter Parker, Esq.
November 11, 2005
Page 6 of 6


In further response, however, the government notes that although it objects to this request for purposes of Local Rule 116.3(B), it will likely produce *Jencks* material that is in its possession, custody, or control earlier than required.

**B(5).  Telephone Records**

As noted above, the undersigned attorney for the government recently became aware of some additional discovery, which is in the process of being gathered for Bates-stamping and production. This discovery includes telephone subscriber information related to the defendant. The government will produce this discovery promptly upon gathering and Bates-stamping same.

If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3268.

                                          Sincerely,

                                          MICHAEL J. SULLIVAN
                                          United States Attorney


                              By:   */s/ Lisa M. Asiaf*
                                          LISA M. ASIAF
                                          Assistant U.S. Attorney

cc:  Clerk's Office (D. Mass.)