UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-40021-FDS |
| | ) | |
| LEO BEATTY | ) | |

**MOTION TO COMPEL
REQUIRED DISCLOSURES REGARDING
CONFIDENTIAL INFORMANT**

Defendant Leo Beatty hereby moves for an order compelling the government to produce forthwith all information specified in Local Rule 116.2(B)(1) regarding the confidential witness who was involved in the investigation of this case. As grounds for this motion, Mr. Beatty states as follows.

Local Rule 116.2 requires that the government disclose automatically the identity of a cooperating witness, a complete description of all promises, rewards and inducements made to the witness, a copy of the witness' plea agreement and all other promises, rewards and inducements reduced to writing and a meaningful written description of all criminal cases pending against the witness. *See* Local Rule 116.2(B)(1). The court may excuse the government from making Rule 116.2(B)(1) disclosures only if the government states in writing that such disclosures "would be detrimental to the interests of justice" and sets forth "the specific matters on which disclosure is declined and the reasons for declining." Local Rule 116.6.

The government has not made that showing here. In a letter dated June 14, 2005 which accompanied its automatic discovery letter of that same date, the government asserted only that it "declines to reveal the identity of [the confidential informant] at this

time since such disclosure may jeopardize the safety and welfare of the witness." June 14, 2005 letter, attached hereto.

To date, the only information the government has provided about its confidential informant, whom it expects to call as a trial witness, is the following:

> 3. The following promises, rewards, or inducements have been given to the CW whom the government anticipates calling in its case-in-chief:
>
> The CW has been a confidential informant for DEA in this investigation since in or about September 2004. The CW has received payments for his/her assistance to DEA in this investigation and has previously received payments from DEA for his/her involvement in past, unrelated investigations. The government will supplement this information, including a statement of specific amounts of payments received by the CW for his/her assistance, in subsequent disclosures at the appropriate time. In addition, although the government does not consider them promises, rewards or inducements, the CW has also received reimbursements for expenses relating to his/her participation in some of these investigations.
>
> Although the government is making the requisite disclosures about CW pursuant to Local Rule 116.(B)(1), the government declines to reveal CW's name at this time. Under separate cover, the government is sending a declination letter pursuant to Local Rule 116.6 to the Court in regard to this matter

June 14, 2005 Automatic Discovery Letter at 5, attached hereto.  By letter dated July 6, 2005, the government supplemented its disclosure regarding the informant, notifying the defense that the informant had received payment from the government in the amount of $6,350 for his work in the Fitchburg area and $10,200 in total.  *See* July 6, 2005 letter at 1, attached hereto.

Mr. Beatty cannot adequately prepare a defense without immediate disclosure of the identity of the confidential informant and complete discovery called for by the Local Rules.  There can be little doubt that a defendants' ability to prepare a defense and effectively cross-examine an informant depends upon prompt production of all exculpatory material encompassed by Rule 116.2(B)(1).  *See United States v. Snell*, 889

F. Supp. 17, 20 (D. Mass. 1995)(noting before the adoption of the current version of Local Rule 116.2 that production of exculpatory material "is important, if not essential, to the defense's ability to mount a defense and further, … the earlier the disclosure, the more effective the defense use of it will be").  Exculpatory information affects the defense investigation, how a defendant allocates resources, the fundamental issue of whether to plead guilty or go to trial and the ability to negotiate a reasonable plea deal.  *Id.*  Rule 116.2(B) compels early production of the exculpatory material described in § (B)(1) and permits later production of other exculpatory information described in § (B)(2), for a reason.

For all of the foregoing reasons, defendants request that the court order the government to comply fully with Local Rule 116.2(B)(1).  In the event the government succeeds in persuading the court that full, unfettered disclosure of such information is not in the interests of justice, Mr. Beatty urges the court to consider whether legitimate and specific security concerns can be addressed by appropriate and focused protective orders.

      LEO BEATTY
       By his attorney,

      /s/ *E. Peter Parker*
      E. Peter Parker
       B.B.O. #552720
      One Commercial Wharf North
      Second Floor
      Boston, MA  02110
      (617) 742-9099

### Certificate of Service

I, E. Peter Parker, certify that I understand that all counsel will receive electronic notice of the electronic filing of this pleading.

      /s/ *E. Peter Parker*
      E. Peter Parker



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

June 14, 2005

E. Peter Parker, Esq.
One Commercial Wharf North
Second Floor
Boston, MA 02110

    Re:    <u>United States v. Leo Beatty, Criminal No. 4:05-cr-40021-FDS</u>

Dear Attorney Parker:

    Pursuant to Rules 116.6(A) of the Local Rules of the United States District Court for the District of Massachusetts, the government declines to make the following disclosure as otherwise required under Local Rule 116.1(A)(1):

    The government declines to identify a cooperating witness by name at this time. Although the government anticipates that it will call this individual as a witness at trial, the government declines to reveal the identity of this witness at this time since such disclosure may jeopardize the safety and welfare of the witness. The government notes, however, that it has disclosed all of the information required to be disclosed about this witness under Local Rule 116.2(B)(1)--including the promises, rewards and inducements that this witness has received from the government and the witness' criminal record--in its June 14, 2005 automatic discovery letter.

    Very truly yours,

    MICHAEL J. SULLIVAN
    United States Attorney

By:    */s/ Lisa M. Asiaf*
    LISA M. ASIAF
    Assistant U.S. Attorney
    (617) 748-3120

LMA/
cc:    Clerk's Office, U.S. District Court



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

July 6, 2005

<u>*VIA FACSIMILE & FIRST CLASS MAIL*</u>
<u>*Facsimile: (617) 742-9989*</u>

E. Peter Parker, Esq.
One Commercial Wharf North
Second Floor
Boston, MA 02110

   Re: <u>United States v. Leo Beatty, Criminal No. 4:05-cr-40021-FDS</u>

Dear Attorney Parker:

  In accordance with my automatic discovery letters to you dated June 14, 2005 and June 22, 2005, and pursuant to Rule 116.1 of the Local Rules of the United States District Court for the District of Massachusetts, the government hereby provides you with the following additional automatic discovery in the above-referenced case:

  (1) <u>Bates Nos. 100-05</u>: DEA-6 report regarding the arrest of Leo Beatty on May 9, 2005.

  (2) <u>CW payment information</u>: With respect to the confidential witness ("CW") referenced throughout the discovery provided to date, the government hereby supplements the information provided in its discovery letter dated June 14, 2005. As of June 24, 2005, DEA has paid the CW a total of $10,200.00, $6,350.00 of which was paid during the DEA Mobile Enforcement Team's investigation in the Fitchburg, Massachusetts, area in 2004/05, which led to this case.

E. Peter Parker, Esq.
July 6, 2005
Page 2 of 2

      It is my understanding that the only outstanding discovery item is the DEA-6 report regarding recorded conversations between Mr. Beatty and an undercover DEA Agent between May 6, 2005 and May 9, 2005. I have not yet received a copy of this report. As soon as I do, I will forward a copy to you.

      If you have any questions about any of this information or wish to discuss this case with me, please call me at (617) 748-3268.

Sincerely,

MICHAEL J. SULLIVAN
United States Attorney

By: _____
LISA M. ASIAF
Assistant U.S. Attorney

Enclosures (Bates Nos. 100-05)