**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                              )
UNITED STATES OF AMERICA          )
                                              )
        v.                                    )          Crim. No.  4:05-cr-40021-FDS
                                              )
LEO BEATTY,                               )
                          Defendant.    )
_____)

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**
**REQUIRED DISCLOSURES REGARDING CONFIDENTIAL INFORMANT**

The United States of America, by and through the undersigned Assistant U.S. Attorney,

hereby responds to the *Motion to Compel Required Disclosures Regarding Confidential Informant*

filed by the defendant Leo Beatty ("Beatty" or "Defendant") on January 10, 2006.

**I.     RELEVANT BACKGROUND**

On April 21, 2005, a federal grand jury returned a four-count indictment against Beatty,

charging him with distributing (and aiding and abetting the distribution of) crack cocaine on

February 10, 2005 (Count 1), February 17, 2005 (Count 2), March 3, 3005 (Count 3), and March 17,

2005 (Count 4).  In accordance with Fed.R.Crim.P. 16 and Local Rules 116.1 and 116.2, the

government produced automatic discovery on June 14, 2005, including 80 pages of documentary

evidence and approximately 12 audio and/or video recordings (consisting of both tape cassettes and

DVD's).  As required by Local Rule 116.4, the government sent a separate copy of the tape cassettes

and DVD's directly to the Defendant for his review at the Wyatt Detention Facility.  In accordance

with Local Rule 116.6, the government also filed a declination letter on June 14, 2005, declining to

identify the cooperating witness (the "CW") referenced in its automatic discovery letter.

After making this initial automatic discovery on June 14, 2005, the government

supplemented its automatic disclosures on June 22, 2005, July 6, 2005, and December 5, 2005.

Contrary to the assertions made in the Defendant's motion to compel, these discovery packages included a significant amount of discovery related to the CW involved in this case. For example, and as further detailed below,

- the June 14th production included numerous cassette recordings of telephone conversations between the CW and Beatty, along with DEA reports summarizing these "set up" calls;

- the June 14th production included numerous DVD's, which contain video-recordings of the crack transactions involving the Defendant and the CW and/or the undercover DEA Agent (the "UC");

- the June 14th production also made disclosures regarding DEA payments made to the CW and the CW's history of cooperation with the DEA;

- the June 22nd production included additional DEA reports related to recorded conversations between the CW and Beatty;

- the July 6th production made further, more specific, disclosures regarding DEA payments made to the CW; and

- the December 5th production included a copy of a transcript of a telephone call between the CW and the Defendant, as well as a copy of the CW's criminal record.

The only information omitted from these CW disclosures is the CW's name and other identifying information, in accordance with the government's declination letter dated June 14, 2005 and Local Rules 116.6.

Despite these disclosures, Beatty seeks *additional* discovery related to the CW. All of the information sought in Beatty's motion, however, has either (i) already been produced, (ii) is barred by Local Rule 116.3(D), or (iii) is not subject to production under Local Rule 116.6. For these reasons, which are more fully discussed below, Beatty's motion to compel additional CW disclosures should be denied.

## II.    GOVERNMENT'S RESPONSE

As an initial matter, the government notes that Beatty's motion is not specific, but simply requests the Court to "order the government to comply fully with Local Rule 116.2(B)(1)." *Deft.'s Motion to Compel* at 3.   Local Rule 116.2(B)(1) provides as follows:

> <u>Unless</u> the defendant has filed the Waiver or <u>the government invokes the declination procedure under Rule 116.6</u>, the government must produce to that defendant exculpatory information in accordance with the following schedule:
>
> (1)     Within the time period designated in L.R. 116.1(C)(1):
>
> > (a)     Information that would tend directly to negate the defendant's guilt ....
> >
> > (b)     Information that would cast doubt on the admissibility of evidence ....
> >
> > (c)     A statement wether any promise, reward, or inducement has been given to any witness whom the government anticipates calling in its case-in-chief ....
> >
> > (d)     A copy of any criminal record of any witness identified by name whom the government anticipates calling in its case-in-chief.
> >
> > (e)     A written description of any criminal cases pending against any witness identified by name....
> >
> > (f)     A written description of the failure of any percipient witness identified by name to make a positive identification of a defendant, if any identification procedure has been held with such a witness ....

L.R. 116.2(B)(1) (emphasis added).   In response to this general request, the government responds as follows:    First, Beatty's request is improper under Local Rule 116.3(D), which expressly prohibits a defendant participating in automatic discovery from requesting information already required to be produced under Local Rule 116.1.  Local Rule 116.1(C)(2) requires the government to produce exculpatory information in accordance with Local Rule 116.2, the basis of Beatty's motion.  As such, his motion is expressly prohibited by Local Rule 116.3(D).

Second, the Defendant's motion is also improper under the express terms of Local Rule 116.2(B)(1), itself. As noted above, the government is exempted from producing the exculpatory information required by Local Rule 116.2(B)(1) within 28 days of arraignment where "the government invokes the declination procedure under Rule 116.6." The government invoked this declination procedure on June 14, 2005, in this case.

Third, despite this exemption, the government has already made nearly all of the disclosures required by Local Rule 116.2(B)(1) with respect to the CW in any event. Specifically:

- As stated in the government's automatic discovery letter dated June 14, 2005, "the government is aware of no evidence that would tend directly to negate Defendant's guilt concerning any count in the Indictment." This response includes evidence related to the CW.

- Likewise, on June 14, 2005, the government reported that it "is aware of no information that would cast doubt on the admissibility of evidence that the government anticipates offering as part of its case-in-chief" in connection with the current Indictment. *See Govt's Ltr* (June 14, 2005) at 5.

- With respect to "promises, rewards, or inducements" related to the CW, the government has already disclosed such information in its discovery letters dated June 14, 2005 and July 6, 2005. To the extent that the government becomes aware of additional "promises, rewards, or inducements" given to the CW, the government is aware of its continuing duty to disclose under Fed.R.Crim.P. 16(c) and will continue to comply with those discovery obligations.

- A copy of the CW's criminal record was produced to the Defendant on December 5, 2005.

- As stated in the government's June 14, 2005 discovery letter, "[n]o named percipient witness failed to make a positive identification with respect to the crimes described in the Indictment." *See Govt's Ltr* (June 14, 2005) at 6.

Finally, with respect to the remainder of Beatty's motion, including any request for the identity of the CW, the government respectfully objects to the motion and relies on its declination letter under Local Rule 116.6. There is no constitutional or statutory requirement that the identities of prosecution witnesses be disclosed before trial. *United States v. Bello-Perez*, 977 F.2d 664, 670 (1st Cir. 1992); *United States v. Reis*, 788 F.2d 54, 58 (1st Cir. 1986); *United States v. Barrett*, 766 F.2d 609, 617 (1st Cir.1985); *see also United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971) (identity of witnesses is information the government is not normally required to supply to the criminal defendant). In amending the Federal Rules of Criminal Procedure in 1975, Congress specifically declined to impose reciprocal discovery obligations for the names and addresses of trial witnesses. It adopted, instead, the Senate and House Conference version of the amendments, "thereby making the names and addresses of a party's witnesses nondiscoverable." H.R. Conf. Rep. No. 414, 94th Cong., 1st Sess. 12 (1975), *reprinted in* 1975 U.S.C.C.A.N. 713, 716. In explaining Congressional preference for the non-discoverability of the identities of witnesses, the House Conference report stated:

> A majority of the Conferees believe it is not in the interest of the effective administration of criminal justice to require that the government or the defendant be forced to reveal the names and addresses of its witnesses before trial. Discouragement of witnesses and improper contacts directed at influencing their testimony, were deemed paramount concerns in the formulation of this policy.

*Id.* In explaining this policy decision on the floor of the United States Senate, Senator John L. McClellan, a member of the Conference Committee, stated:

> Although it should be obvious, I want to emphasize that the policy
> choice was directly presented and positively resolved in favor of
> affording all possible protection and encouragement to witnesses in
> Federal criminal cases.  This includes the ability of the prosecutor to
> assure a reluctant or fearful witness that his identity will not be
> divulged prior to appearance at trial.  Although there may be unusual
> cases involving fundamental fairness, the congressional decision on
> this issue should be taken as clear disapproval of the exercise of so-
> called inherent power by the courts to fashion local rules or individual
> orders calling for discovery of witnesses, . . . . except insofar as such
> discovery may be required to effectuate a party's right to constitutional
> due process of law.

Cong. Rec. S. 14301 (July 30, 1975).  *See also* Local Rule 117.1(A)(8) (requiring disclosure of

government's witness list seven days before trial).

The government recognizes its obligation to disclose the identity of any cooperating witness

it intends to use as a witness at trial.  The government has traditionally not been required to disclose

prospective witness until seven days before trial.  *Bello-Perez,* 977 F.2d at 670; *Reis*, 788 F.2d at

58; *Barrett*, 766 F.2d at 617.  Nothing in *Roviaro v. United States*, 353 U.S. 53 (1957) entitles the

Defendant to early disclosure in this case.  In *Roviaro,* the Supreme Court recognized the

"Government's privilege to withhold from disclosure the identity of persons who furnish information

of violations of law to officers charged with enforcement of that law." *Roviaro*, 353 U.S. at 59.  The

Court noted that an informant's confidentiality serves important law enforcement objectives – *i.e.,*

it encourages citizens to communicate their knowledge of criminal activity to law enforcement

officials by preserving their anonymity.  *Id*. at 59.  Although the Court recognized that the privilege

is qualified (and must give way where the disclosure of an informant's identity is: (1) relevant or

helpful to the defense of the accused; or (2) essential to a fair determination of a cause), *id*. at 60-61,

the Court declined to adopt rigid guidelines as to when the privilege should apply.  *Id*. at 62.

Instead, the Court instructed lower courts to *balance* the public interest in protecting the flow of

information against the individual's right to prepare his defense given the particular circumstances of each case. *Id*. at 62; *United States v. Formanczyk*, 949 F.2d 526, 529 (1st Cir. 1991).

The principles governing the disclosure of cooperating witnesses and confidential informants are now codified in the Local Rules of this Court. Under Local Rule 116.2, the identity of any person whom the government anticipates calling as a witness *and* who has received any promise, reward, or inducement is to be presumptively made at the time of the government's initial automatic disclosure. The government has the right to decline to make that disclosure, however, whenever it concludes that the disclosure would be detrimental to the interests of justice. *See* Local Rule 116.6(A). The government has exercised that right in this case. As stated in the government's declination letter dated June 14, 2005, disclosure of the CW's identity in this case may jeopardize his/her safety and welfare. This remains true at the present time, as the CW is still actively engaged in ongoing investigations. As such, disclosure of his/her identity may jeopardize the safety and welfare of both the witness and his/her family. Such disclosure may also jeopardize the ongoing law enforcement investigations in which the CW is involved.

For all of the foregoing reasons, the government respectfully requests that disclosure of the identity of the government's CW be deferred until twenty-one days before trial in accordance with the Local Rules.

### III.   CONCLUSION

For all of the foregoing reasons, the Defendant's *Motion to Compel Required Disclosures Regarding Confidential Informant* should be denied.

DATED:   January 25, 2006                    Respectfully submitted,

                                             MICHAEL J. SULLIVAN
                                             United States Attorney


                              By:      */s/ Lisa M. Asiaf*
                                       Lisa M. Asiaf
                                       Assistant U.S. Attorney
                                       Tel:  (617) 748-3268


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2006.

                                       */s/ Lisa M. Asiaf*
                                       Lisa M. Asiaf
                                       Assistant U.S. Attorney
                                       Tel:  (617) 748-3268