UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 4:05-cr-40021-FDS |
| | ) | |
| LEO BEATTY, | ) | |
| Defendant. | ) | |
| | ) | |

**GOVERNMENT'S RESPONSE TO
DEFENDANT'S MOTION FOR DISCOVERY**

The United States of America, by and through the undersigned Assistant U.S. Attorney, hereby responds to the *Motion for Discovery* filed by the defendant Leo Beatty ("Beatty" or "Defendant") on January 10, 2006.

### I.   RELEVANT BACKGROUND

On April 21, 2005, a federal grand jury returned a four-count indictment against Beatty, charging him with distributing (and aiding and abetting the distribution of) crack cocaine on February 10, 2005 (Count 1), February 17, 2005 (Count 2), March 3, 3005 (Count 3), and March 17, 2005 (Count 4). In accordance with Fed.R.Crim.P. 16 and Local Rules 116.1 and 116.2, the government produced automatic discovery on June 14, 2005, with three supplemental productions on (i) June 22, 2005, (ii) July 6, 2005, and (iii) December 5, 2005. With the exception of a limited amount of discovery related to the confidential witness (the "CW") involved in this investigation, these four discovery packages contain <u>all</u> of the discovery presently in the possession, custody, or control of the government. Specifically:

(1)   On <u>June 14, 2005</u>, the government produced 80 pages of documentary evidence and approximately 12 audio and/or video recordings (consisting of both tape cassettes and DVD's). The documents include law enforcement reports related to the four

"crack" transactions charged in the Indictment, as well as reports related to the investigative steps taken both before and after those transactions. Likewise, the audio and video recordings include recordings of the four "crack" transactions charged in the Indictment, as well as recordings of telephone conversations recorded both before and after the charged "buys." The June 14th production also included documents related to the Defendant's arrest, a copy of the Defendant's criminal record, descriptions of the identifications of the Defendant (under Local Rule 116.1(C)(1)(f)), and responses to the exculpatory evidence categories listed in Local Rule 116.2. Finally, as required by Local Rule 116.4, on June 14, 2005, the government also sent a separate copy of the tape cassettes and DVD's directly to the Defendant for his review at the Wyatt Detention Facility.

(2) On June 22, 2005, the government supplemented its disclosures, producing copies of numerous additional DEA reports related to the tape recordings of the Defendant, along with a laboratory report related to the "crack" transaction on March 17, 2005 (Count 4).

(3) On July 6, 2005, the government made further disclosures, including the specific amounts of payments made to the confidential witness ("CW") involved in this investigation and a copy of the DEA report summarizing the details of the Defendant's arrest on May 9, 2005.

(4) Finally, on December 5, 2005, the government produced another 100+ pages of automatic discovery in accordance with its continuing discovery obligations under Fed.R.Crim.P. 16(c). These documents included: (i) transcripts of the recorded telephone conversations with the Defendant, (ii) search warrant documents and

reports related to a search warrant executed at the Defendant's residence, (iii) a CD containing photographs of the Defendant's 2002 Jeep and apartment, (iv) a copy of the CW's criminal record, (v) various additional law enforcement reports related to the investigation, Defendant's arrest, and the seizure of additional "crack" cocaine on May 9, 2005 (24.2 grams) and May 10, 2005 (11.3 grams), and (vi) a copy of certified records of convictions of the Defendant.

On October 21, 2005, the Defendant sent an omnibus discovery letter, which instead of being case-specific, appears to be a stock discovery letter requesting early discovery and production of *Brady/Giglio* material, *Jencks* information, and various forms of 21-day discovery. *See generally* Deft.'s Discovery Ltr (Oct. 21, 2005) (attached to Deft.'s instant motion for discovery). The government responded to the Defendant's stock discovery letter on November 11, 2005. *See* Govt's Ltr (Nov. 11, 2005) (also attached to Deft.'s instant motion for discovery). Although not noted in the Defendant's motion, the government also produced over 100 additional pages of discovery after the Defendant filed his discovery letter. *See supra* (describing Govt's 12/5/05 production). Despite the government's full compliance with all of its discovery obligations to date, and its repeated acknowledgment to defense counsel that it is aware of its "continuing" discovery obligations as well as the 21-day discovery requirements, the Defendant now seeks to compel further discovery of items that are: (i) already required by Local Rule 116.3(D), and therefore expressly prohibited from such motions, and/or (ii) not yet subject to disclosure under applicable rules, local practice, and governing law. For these reasons, which are more fully discussed below, Beatty's discovery motion (which simply repeats the discovery requests in his stock discovery letter) should be denied.

## II.    GOVERNMENT'S RESPONSE

As an initial matter, the government objects to the Defendant's mis-characterization of its discovery letter dated November 11, 2005.  Specifically, nowhere in that letter did the government make the "assertions" characterized by the Defendant.  First, contrary to the Defendant's motion, the government's letter does not assert that "a defendant may not make specific requests for categories of exculpatory information." Deft.'s Motion at 2.  The defendant is free to make any/all requests he pleases in accordance with Local Rule 116.3, which provides that "[w]ithin forty-two (42) days of arraignment, any party by letter to the opposing party may request discovery," with the exception of requesting discovery that is expressly prohibited by Local Rule 116.3(D), which states:

> A defendant participating in automatic discovery <u>must not request</u> information expressly required to be produced under L.R. 116.1; <u>all such information is by these Local Rules deemed ordered by the court to be produced</u>.

L.R. 116.3(D) (emphasis added).  Contrary to the defendant's mis-characterizations, nothing in the government's letter "asserts" otherwise.

Nor does the government's letter assert that the Local Rules "override[] controlling Supreme Court and appellate precedent." Deft.'s Motion at 4.  After mis-characterizing the government's response in this way, the Defendant goes on to state that such assertion is "preposterous." *Id.*  That adjective, however, more aptly describes the Defendant's motion.  The government's <u>agreement</u> to produce all exculpatory evidence "as defined in the Local Rules" does not constitute an assertion that the Local Rules "override controlling Supreme Court and appellate precedent."  Obviously, those rules and discovery obligations in general, have been interpreted and clarified by controlling case law.  Defendant's argument and mis-characterizations in this regard are simply frivolous.

With respect to the specific requests set forth in Defendant's motion (at pages 7-13), the government responds as follows:

- Promises, Rewards and Inducements

The government has already produced all such discovery in its possession, custody, or control (in redacted form to protect the identity of the CW). The government is aware of its continuing discovery obligations and will supplement this discovery, if necessary, accordingly.

Moreover, this request is expressly barred by Local Rule 116.3(D), which, as quoted above, prohibits the defendant from seeking any/all discovery already required by Local Rule 116.1. *See supra*. The government is already under court order to produce such "promises, rewards and inducements." This category of requests is therefore moot.

- Payments to Witnesses

Payments to witnesses are simply one type of "promises, rewards and inducements." They, too, are therefore expressly barred by Local Rule 116.3(D).

In any event, as summarized above, the government has already disclosed all payments made to the CW of which the government is presently aware. *See supra* (describing Govt's June 14, 2005 and July 6, 2005 automatic discovery packages).

- Special Arrangements

Defendant also moves for disclosure of all "special arrangements made or facilitated by the government," which, according to Defendant's motion, includes "any special treatment or assistance given to any witness while incarcerated or in connection with or during all debriefings by government investigators and attorneys." Deft.'s Motion at 8. Again, any such special treatment is a form of "promises, rewards and inducements" and is therefore expressly barred by Local Rule

5

116.3(D). The government is already deemed ordered to produce such information, and, in fact, has already produced all such information of which it is presently aware. As previously noted, the government is also aware of its continuing discovery obligations under Fed.R.Crim.P. 16(c).

- Credibility

All information related to the credibility of the government's witnesses (included Requests (e)(1) – (e)(5) in the Defendant's motion), constitutes 21-day discovery, which is simply not subject to production at this stage of the proceedings. Local Rule 116.2(B)(2) specifically requires the government to produce:

> Not later than twenty-one (21) days before the trial date established by the judge who will preside: (a) Any information that tends to cast doubt on the credibility or accuracy of any witness whom or evidence that the government anticipates calling or offering in its case-in-chief.

L.R. 116.2(B)(2)(a) (emphasis added). The rule goes on to list various forms of "credibility" information, such as "inconsistent statements" made by the witness (L.R. 116.2(B)(2)(b)) and information tending to reflect "bias or prejudice" against the defendant (L.R. 116.2(B)(2)(c)). Defendant's requests (e)(1) – (e)(9) are all such "credibility" requests, which are not subject to production until 21 days before trial. No trial date has yet been set in this case. The Defendant's "credibility" requests are simply premature and should be denied as such.

- Law Enforcement Personnel

The government also objects to Defendant's request for disciplinary actions or criminal prosecutions against law enforcement personnel who either participated in the investigation or whom the government intends to call as a trial witness. First, in its June 14, 2005, discovery letter, the government already informed the Defendant that "[e]xcept with respect to the CW, the government is unaware that any of its named case-in-chief witnesses have criminal records." This included law

6

enforcement witnesses that the government presently intends to call in its case-in-chief. The remainder of the Defendant's request asks for "credibility" information (e.g., disciplinary actions for conduct involving false statements), which constitutes 21-day discovery under Rule 116.2(B)(2). This portion of the Defendant's motion should therefore be denied as moot (with respect to criminal records) and premature (with respect to 21-day "credibility" information).

- Contradictory Information

Finally, the Defendant requests "[a]ll evidence tending to undercut in any way the credibility of the government's evidence or of the allegations in the indictment." Again, for all of the same reasons discussed above, this request calls for 21-day discovery, which, as the Government has repeatedly informed the Defendant, will be produced 21 days before trial in accordance with Local Rule 116.2(B)(2).

### III.   CONCLUSION

For all of the foregoing reasons, the Defendant's *Motion for Discovery* should be denied.

DATED:   January 25, 2005                                  Respectfully submitted,

                                                           MICHAEL J. SULLIVAN
                                                           United States Attorney

                                            By:     */s/ Lisa M. Asiaf*
                                                    Lisa M. Asiaf
                                                    Assistant U.S. Attorney
                                                    Tel:  (617) 748-3268

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2006.

                                           */s/ Lisa M. Asiaf*
                                      Lisa M. Asiaf
                                      Assistant U.S. Attorney
                                      Tel: (617) 748-3268