UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
v.                                  )    **Criminal Action**
                                    )    **No. 05-40021-FDS**
LEO BEATTY,                         )
         Defendant,                 )
                                    )
_____)

**ORDER**
January 27, 2006

SWARTWOOD, C.M.J.

This matter was referred to me on April 25, 2006 for determination of all pretrial proceedings. This Order addresses Defendant's Motion To Compel Required Disclosures Regarding Confidential Informant (Docket No. 28) and Motion For Further Discovery (Docket No 29).

Discussion

Motion To Compel Required Disclosures Regarding Confidential Informant

Mr. Beatty seeks information concerning the Government's confidential witness ("CW"), including the CW's identity.

> The Government represents that it has disclosed all discoverable information concerning the confidential witness to the Defendant, except for the witness's identity and that from the materials disclosed to the

Defendant, he should be able to identify the CW[1]. At the hearing on this motion, counsel for the Defendant indicated that although he knows the CW's street name, he does not know his identity and he needs this information to run an independent check of the CW's criminal background.

The Government has established that disclosure of the identity of the CW at this time could be detrimental to the interests of justice because (1) it could endanger the CW; and (2) compromise ongoing criminal investigations. At the same time, defense counsel has established that knowing the identity of the CW would assist him in preparing a defense. Therefore, I am ordering the Government to disclose the name of its CW to defense counsel so that defense counsel may conduct an independent background check of the CW. However, defense counsel shall not disclose the identity of the CW to his client or anyone else prior to the earlier of: (i) 21 days prior to trial, or (ii) the Government notifying defense counsel that the interests of justice no longer require that his name be withheld. Because I find that the Government has otherwise complied with its discovery obligations with respect to the CW, in all other respects, this motion is <u>denied</u>.

## Motion For Further Discovery

The Defendant requests certain exculpatory information concerning promises, rewards and inducements made to Government witnesses and information which would bear on the credibility of the Government's witnesses.[2]

---

[1] To the extent that the Government has provided the Defendant with the CW's criminal record, information concerning promises, rewards and inducements made to the CW and other information which it is required to disclose concerning the CW, the Government has redacted any identifying information including the CW's name.

[2] Although the Government has taken the position that Defendant's requests for exculpatory information violate LR, D.Mass. 116.3(D), which prohibits defendant's participating in automatic discovery from requesting information expressly required to be disclosed under LR,D.Mass. 116.1, it has responded to those requests. Under these circumstances, I do not find it necessary to address Defendant's contention that requests for exculpatory information are excluded from LR,D.Mass. 116.3(D).

I find that the Government understands its obligation to provide exculpatory evidence to the Defendant in accordance with this Court's Local Rules *and* controlling Supreme Court and lower federal court precedent and that it has complied with such obligations. Therefore, to the extent that Mr. Beatty seeks exculpatory information, such as promises, rewards and inducements, payments, etc. to Government witnesses, his request is <u>denied</u> as moot.

As to Defendant's request for information bearing on the credibility of the Government's witnesses, which covers the remainder of his requests, this Court's Local Rules provide that such information need not be disclosed by the Government until twenty-one days prior to trial. Defendant's argument that the information should be disclosed prior to the time required by this Court's Local Rules is simply not compelling[3]. Therefore, Defendant's request for information bearing on the credibility of Government witnesses is <u>denied</u>.

<u>Conclusion</u>

1. Defendant's Motion To Compel Required Disclosures Regarding Confidential Informant (Docket No. 28) is <u>allowed</u> in part and <u>denied</u> in part as provided in this Order; and

2. the Motion For Discovery (Docket No 29) is <u>denied</u>.

<u>/s/ Charles B. Swartwood III</u>
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE

---

[3] Defense counsel argues that forcing him to wait until twenty-one days prior to trial for the Government to disclose all evidence bearing on the credibility of its witnesses will prejudice him. In support of his argument, defense counsel posits that if twenty-one days prior to trial the Government fails to produce all of the evidence which he believes ought to be disclosed, the Government would take the position that he has waived his right to seek an order compelling disclosure of that evidence because the time for filing discovery motions has passed. However, this Court's Local Rules make allowance for discovery motions filed outside of initial discovery period. LR,D.Mass. 116.3(J)(which provides that a motion may be filed outside initial forty-two day discovery period where defendant certifies that discovery request could not be made within that initial period because issue was known at that time).