UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 05-40021-FDS |
| | ) | |
| LEO BEATTY, | ) | |
| Defendant. | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

**SAYLOR, D.J.,**

WHEREAS, on or about April 21, 2005, a federal grand jury sitting in the District of Massachusetts returned a four-count Indictment charging Defendant Leo Beatty ("Beatty" or the "Defendant") with Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Counts One through Four);

WHEREAS, the Indictment also sought the forfeiture, as a result of committing the offenses alleged in Counts One through Four of the Indictment, of any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such offenses; and/or any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, any such violations, including, but not limited to, a 2002 Jeep Cherokee, bearing Massachusetts Registration 27DW02 (the "Jeep Cherokee");

WHEREAS, the Indictment further provided that, if the property described in the Forfeiture Allegation, as a result of

any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of the property, pursuant to 21 U.S.C. § 853(p);

WHEREAS, on or about May 3, 2006, Beatty pled guilty to all four counts of the Indictment; and

WHEREAS, as a result of Beatty's guilty plea, and pursuant to 21 U.S.C. § 853(a), and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States now is entitled to a Preliminary Order of Forfeiture against the Jeep Cherokee, or substitute assets, in a value up to the value of the Jeep Cherokee.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. The Court finds, based upon the facts set forth by the government in support of the Defendant's guilty plea and the admissions of the Defendant set forth at the plea hearing, that the Jeep Cherokee is subject to forfeiture pursuant to 21 U.S.C. § 853, and that the government has established the requisite

nexus between the Jeep Cherokee and the offenses to which the Defendant plead guilty.

2. If the Jeep Cherokee, as a result of any act or omission by Beatty, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States is entitled to seek forfeiture of any other property of Beatty, up to the value of the Jeep Cherokee, pursuant to 21 U.S.C. § 853(p).

3. The United States Marshals Service shall hold the Jeep Cherokee in its secure custody and control.

4. Upon the issuance of this Preliminary Order of Forfeiture and pursuant to 21 U.S.C. § 853(n), the United States Marshals Service will publish at least once for three successive weeks in a newspaper of general circulation, notice of this Preliminary Order, notice of the United States' intent to dispose of the Jeep Cherokee in such manner as the Attorney General or his designee may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the Jeep Cherokee must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the

petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Jeep Cherokee, shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Jeep Cherokee and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Jeep Cherokee that is the subject of the Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ F. Dennis Saylor
F. DENNIS SAYLOR IV
United States District Judge

Dated: 7-10-06