UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| LEO BEATTY, | ) |
| Petitioner, | ) |
| v. | ) Criminal Action No. |
|   | ) 05-40021-FDS |
| UNITED STATES, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER ON PETITIONER'S MOTION TO
VACATE, SET ASIDE, OR CORRECT HIS SENTENCE**

**SAYLOR, J.**

This is a motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. On May 3, 2006, petitioner Leo Beatty pleaded guilty to an indictment charging him with four counts of distribution of cocaine base. He now contends (1) that he was not given an opportunity to review his presentence report until the date of sentencing, in violation of Fed. R. Crim. P. 32 and 18 U.S.C. § 3552(d); (2) that he was not given an opportunity to dispute the drug type and weight, in violation of his right to confront witnesses under the Sixth Amendment; (3) that the government improperly engaged in sentencing-factor manipulation; and (4) that errors by counsel denied him his Sixth Amendment right to effective assistance of counsel.

For the reasons set forth below, the motion will be denied.

**I.   Background**

The facts surrounding the crime that led to petitioner's conviction are set out in the decision of the First Circuit. *See United States v. Beatty*, 538 F.3d 8 (1st Cir. 2008).

On April 21, 2005, a grand jury returned an indictment charging Leo Beatty with four counts of distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and aiding and abetting in violation of 18 U.S.C. § 2.  The charges were based on sales to an undercover Drug Enforcement Administration agent in February and March 2005.  Three of the counts involved distribution of more than five grams of cocaine base in violation of 21 U.S.C. § 841(b)(1)(B)(iii).

On May 3, 2006, Beatty pleaded guilty to four counts of distribution of cocaine base without a formal plea agreement.  The government agreed to dismiss any claims relating to aiding and abetting.  At the change of plea hearing, Beatty admitted only that the substance was cocaine base, but refused to admit either that the weight was correct or that the substance was crack cocaine.  (Rule 11 Tr. at 17).  On September 28, 2006, the Court held a sentencing hearing.  In the course of the sentencing colloquy, the Court asked defense counsel whether he had gone over the presentence report ("PSR") with Beatty; counsel replied, "I have in the past, Judge, and he has seen the final this morning."  (Sent. Tr. at 4).  The Court ultimately sentenced Beatty to 210 months, a low-end guideline sentence.

On October 4, 2006, Beatty filed a notice of appeal.  He contended on appeal that the government's decision not to move under the sentencing guidelines for an additional one-level reduction for acceptance of responsibility was not rationally related to a legitimate government interest, and that his sentence was unreasonable.  On August 12, 2008, the First Circuit affirmed the sentence.  *See Beatty*, 538 F.3d at 10.

On February 22, 2010, Beatty filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  (Docket No. 63).  That motion contends (1) that he was not given the opportunity to review his PSR until the date of sentencing, in violation of Fed. R. Crim. P. 32

and 18 U.S.C. § 3552(d); (2) that he was not given the opportunity to dispute the drug type and weight, in violation of his right to confront witnesses under the Sixth Amendment; (3) that the government engaged in misconduct through sentencing-factor manipulation; and (4) that errors by counsel denied him his Sixth Amendment right to effective assistance of counsel.[1]

## II.   Analysis

Respondent contends that by failing to raise the issues on direct appeal, petitioner has procedurally defaulted as to (1) his claims of violations of Fed. R. Crim. P. 32 and 18 U.S.C. § 3552, (2) the determination of drug type and weight, and (3) sentencing-factor manipulation. Petitioner, however, contends that the claim of violations of Fed. R. Crim. P. 32 and 18 U.S.C. § 3552, were not raised on direct appeal because "[i]t is a claim discovered based on ineffective assistance of counsel after the appeal and [p]ro se." (Pet. Mot. at 3). Petitioner does not provide any explanation for failure to bring the other claims on direct appeal.

A petitioner who has procedurally defaulted a claim by failing to raise the claim on direct appeal must either show cause and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998) (holding that a petitioner who failed to argue his plea was involuntary on direct appeal had procedurally defaulted the claim). Representation by constitutionally ineffective counsel may constitute cause for a procedural default. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).

The Court notes that respondent's assertions appear to be correct and that petitioner has

---

[1] On June 12, 2012, Beatty filed a second § 2255 motion, contending (1) that his base offense level under the Sentencing Guidelines was incorrectly calculated in light of a recent Supreme Court ruling and (2) that the calculation of the drug quantity used to determine his base offense level was made in violation of his due process rights. (Docket No. 78). On June 28, 2012, Beatty filed a motion to voluntarily dismiss the second § 2255 motion, contending that he was misinformed as to a time limitation and that he did not wish to advance the claims set forth in the motion. On July 13, 2012, the Court granted the motion, and dismissed the second motion.

procedurally defaulted his claims.  However, the Court will not determine if petitioner can show cause for the procedural default, because the claims themselves are without merit.  *See Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (declining to address procedural default because petitioner's underlying claims were without merit).

### A.   Opportunity to Review the PSR

Petitioner contends that he did not have the opportunity to review his PSR until the day of sentencing in violation of Fed. R. Crim. P. 32 and 18 U.S.C. § 3552(d).  He argues that this violated his due process right to participate in timely objections to his PSR.

Rule 32 requires that the probation officer provide the PSR to the defendant, the defendant's attorney, and the attorney for the government at least 35 days before sentencing, unless the defendant waives this requirement.  Fed. R. Crim. P. 32(e)(2).  The statute requires that the court assure that the PSR is disclosed to the defendant, counsel for the defendant, and the attorney for the government at least 10 days prior to sentencing, unless the defendant waives the minimum period.  18 U.S.C. § 3552(d).

A claim for an alleged statutory or rule violation is only cognizable under § 2255 if the claimed error is a "fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure."  *See Hill v. United States*, 368 U.S. 424, 428 (1962) (holding that failure to follow the formal requirements of Rule 32(a) is not an error that can be raised as a collateral attack); *Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994) (noting that the "Supreme Court has narrowly confined the scope and availability of collateral attack for claims that do not allege constitutional or jurisdictional errors"); *Guzman v. United States*, 2004 WL 3710110, at *13 (D. Mass. June 4,

2004) (holding that a violation of Rule 32 requirement that the court ensure that the defendant and counsel have read and discussed the PSR is not cognizable as a § 2255 claim).

Petitioner's claim of a violation of Rule 32 and § 3552(d) is therefore not normally cognizable under § 2255. Petitioner has made no showing that the alleged violation of Rule 32 and § 3552(d) is a "fundamental defect" or that it was an "omission inconsistent with the rudimentary demands of fair procedure."

Furthermore, even assuming that petitioner brings a cognizable § 2255 claim, he has waived it. A petitioner effectively waives a claim that he did not have sufficient time to review his PSR by failing to invoke Rule 32 or request a continuance. *See United States v. Barrows*, 996 F.2d 12, 14 (1st Cir. 1993); *cf. United States v. Buckley*, 847 F.2d 991, 1001-03 (1st Cir. 1988) (finding a violation of Rule 32 where defendant objected at sentencing to having insufficient time to review the PSR and had many objections to the PSR). A late disclosure of the PSR to a defendant is harmless unless the defendant can show prejudice. *See United States v. Wright*, 873 F.2d 437, 445 (1st Cir. 1989) (finding that the disclosure of an addendum to the PSR to the defendant on the morning of sentencing was harmless where defendant did not request additional time or explain how he was prejudiced); *Barrows*, 996 F.2d at 14 (noting that "[a]bsent an arguable error in the sentence, a remand for re-sentencing would be pointless" where defendant did not claim his sentence was wrongly computed).

Petitioner did not raise any objection when the Court inquired as to whether he had been able to review the PSR. He did speak at some length later during sentencing, when he was given the opportunity for allocution, but likewise raised no objection at that time. By failing to object or request a continuance, petitioner waived his claim of violations of Rule 32 and § 3552(d) .

Furthermore, petitioner cannot show that he suffered any prejudice from the claimed error. He has not identified any additional errors in the PSR that were not previously raised. And his previous objections to the facts contained in the PSR—namely, his objections to drug type and weight—even if true, did not affect his sentence due to his status as a career offender. The Court sentenced petitioner under the career offender guidelines which superseded the base offense level from the drug weights. *See Beatty*, 538 F.3d at 13 n.7. Therefore, petitioner cannot demonstrate prejudice, and his claim for habeas relief on that ground will be denied.

### B. Drug Type and Weight

Petitioner next contends that the Court improperly determined the type and weight of the drugs at sentencing because it used the preponderance-of-the-evidence standard, instead of the beyond-a-reasonable-doubt standard. He argues that he admitted only to distribution of cocaine base at his Rule 11 hearing, and reserved his right to challenge the weight and identification of the drugs as crack cocaine. He further contends that his Sixth Amendment right to confront the witnesses against him was violated when the government presented affidavits as evidence that he possessed crack cocaine. He argues that the use of affidavits is contrary to the Supreme Court's holding in *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009).

A defendant has the right to confront analysts who provide testimonial affidavits at trial. *Id.* at 311 (holding that a petitioner had the right to confront forensic analysts who produced affidavits that listed the identity and weight of seized drugs). The right to confront witnesses under the Sixth Amendment does not, however, apply at sentencing. *See United States v. Dwyer*, 589 F.3d 520, 532 (1st Cir. 2009) (citing *United States v. Luciano*, 414 F.3d 174, 178-79 (1st Cir. 2005)). A sentencing court's determination of drug type and quantity need only be

supported by a preponderance of evidence. *See United States v. Dunbar,* 553 F.3d 48, 64 (1st Cir. 2009) (affirming the district court's finding that evidence supported a finding that the cocaine base was in fact crack cocaine by a preponderance of the evidence); *United States v. Gonzalez-Velez*, 587 F.3d 494, 502 (1st Cir. 2009) (holding that the drug quantity determination can be a reasoned estimate supported by a preponderance of evidence). Petitioner's contention that he was denied his right to confront witnesses under the Sixth Amendment and *Melendez-Diaz* therefore fails, as that right applies only at trial.

In any event, the Court's factual findings are clearly supported by the evidence. At sentencing, the Court made a factual finding as to the drug weight, and that the substance seized was crack cocaine. The evidence that the substance was crack cocaine included affidavits from a DEA forensic analyst and an undercover DEA special agent, and attached laboratory reports and transcripts that give a description of the drugs and listing the weights seized. (Sentencing Tr. at 12-13). Petitioner offered no evidence in rebuttal. (*Id.* at 14). Defense counsel argued that there was no evidence of the presence of sodium bicarbonate, a key ingredient in identifying crack cocaine, and the transcripts of conversations between agents and petitioner never refer to crack cocaine. The evidence presented was sufficient to support the factual findings of the seized substance's identity and weight by a preponderance of the evidence for the purposes of sentencing. Petitioner's Sixth Amendment right to confrontation was not violated, and he is not entitled to relief on that claim.

### C. <u>Sentencing-Factor Manipulation</u>

Petitioner next contends that the government improperly engaged in sentencing-factor manipulation by compelling him to "cook" powder cocaine into crack cocaine. Petitioner further

contends that the government made repeated purchases in order to raise his applicable mandatory minimum sentence even though agents had sufficient evidence to arrest him after the first purchase.

Sentencing-factor manipulation occurs "where government agents have *improperly* enlarged the scope or scale of the crime." *United States v. Montoya*, 62 F.3d 1, 3 (1st Cir. 1995) (emphasis in original). A petitioner "must show that 'the agents overpowered the free will of the defendant and caused him to commit a more serious offense than he was predisposed to commit.'" *United States v. Jaca-Nazario*, 521 F.3d 50, 58 (1st Cir. 2008) (quoting *United States v. Barbour*, 393 F.3d 82, 86 (1st Cir. 2004)). When sentencing-factor manipulation occurs, the sentencing court may ignore the transaction in computing relevant conduct or depart downward from the guideline sentence and statutory minimums. *Id.* A petitioner must prove sentencing-factor manipulation by a preponderance of the evidence. *West v. United States*, 631 F.3d 563, 570 (1st Cir. 2011). A petitioner seeking to show sentencing-factor manipulation bears a high burden and must show that agents engaged in "extraordinary misconduct." *Id.* at 570 (quoting *United States v. Fontes*, 415 F.3d 174, 180 (1st Cir. 2005). A claim of sentencing-factor manipulation requires more than a "showing that the idea originated with the government or that the conduct was encouraged by it, or that the crime was prolonged beyond the first criminal act, or exceeded in degree or kind what the defendant had done before." *Montoya*, 62 F.3d at 3-4 (internal citations omitted) (noting that a defendant is not often helped by arguing over the number or size of transactions when "the extent of the crime is more likely to be a matter of opportunity than of scruple").

Petitioner's contention that agents asked for crack cocaine, when he only intended to sell

powder cocaine, is not sufficiently egregious conduct to constitute sentencing-factor manipulation. *See United States v. Fontes*, 415 F.3d 174, 181-83 (1st Cir. 2005) (finding no sentencing-factor manipulation even where the government acted improperly be directing the informant to purchase crack to increase the defendant's sentencing exposure because the defendant was "ready, willing, and able to accommodate the informant's need to purchase crack upon request"). Petitioner has not presented any evidence that government agents exerted such pressure as to overcome his free will.

The fact that government agents arranged several drug purchases from petitioner is also not "extraordinary misconduct" that qualifies as sentencing-factor manipulation. *See United States v. Capleton*, 350 F.3d 231, 246 (1st Cir. 2004) (holding that the government arranging for eight separate drug sales rather than arresting defendant after the first sale did not constitute sentencing-factor manipulation where there was no evidence of malice or bad faith on the part of the government); *but see Montoya*, 62 F.3d at 4 (rejecting a claim of sentencing-factor manipulation because the "case involve[d] a single transaction, not a string of crimes prolonged by the government"). Petitioner's claim for habeas relief based on sentencing-factor manipulation will therefore be denied.

### D.     Ineffective Assistance of Counsel

Petitioner next contends that he received ineffective assistance of counsel due to the cumulative effect of various errors by his lawyer. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must prove that counsel's representation fell below an objective standard of reasonableness and that the deficiencies were prejudicial. *Strickland v. Washington*, 466 U.S. 668, 688-92 (1984). Judicial review of counsel's performance is highly deferential, and

there is a presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id.* at 689. In order to show that counsel's conduct was prejudicial, a petitioner "must show that but for his counsel's deficiency, there is a reasonable probability he would have received a different sentence." *Porter v. McCollum*, 130 S. Ct. 447, 453 (2009); *Peralta v. United States*, 597 F.3d 74, 79-80 (1st Cir. 2010). Cumulative errors by counsel may be sufficient to constitute prejudice. *See Dugas v. Coplan*, 428 F.3d 317, 335 (1st Cir. 2005) (quoting *Kubat v. Thieret*, 867 F.2d 351, 370 (7th Cir. 1989)).

Petitioner contends that his lawyer's failure to visit him or present him with a copy of the PSR prior to the day of sentencing constituted ineffective assistance of counsel. He further contends that he received ineffective assistance of counsel because his lawyer failed to raise to the previously discussed arguments regarding drug type and weight and sentencing-factor manipulation. As the Court has determined that the underlying claims are without merit, counsel did not provide ineffective assistance by failing to raise them. Petitioner cannot prove that counsel's failure to raise arguments prejudiced him if the underlying claims are without merit.

Petitioner also raises several other arguments as to ineffective assistance of counsel, as discussed below.

        1.    **<u>Defective Indictment</u>**

Petitioner contends that counsel was ineffective for failing to recognize the indictment was defective because it improperly charged him with aiding and abetting. (Pet. Br. at 23). He contends that there was no proper factual basis for charging him with aiding and abetting, as he was directly responsible for distribution of cocaine base, and the other parties involved were an undercover agent and a confidential witness. That claim, however, fails because petitioner

suffered no prejudice. Even assuming that counsel's conduct fell below an objective standard of reasonableness for failing to identify the issue sooner, the government dismissed all claims relating to aiding or abetting at the Rule 11 hearing. (Rule 11 Tr. at 21-24). Petitioner did not plead guilty to aiding and abetting, nor was he sentenced for such conduct. Petitioner is therefore not entitled to habeas relief on this ground.

### 2. Evidentiary Challenges

Petitioner contends that counsel was ineffective in failing to challenge the attribution to him of cocaine that was discovered outside his apartment. Petitioner argues that the search in question was unlawful because it took place within the curtilage of his home, and that no reliable chain of evidence could be presented by the government to render the evidence admissible. (Pet. Br. at 25-26).

A defendant bears the burden of showing that a search or seizure violated his Fourth Amendment rights by demonstrating a legitimate expectation of privacy in the area searched. *See United States v. Rheault*, 561 F.3d 55, 58-59 (1st Cir. 2009). A tenant has no reasonable expectation of privacy in the common areas of an apartment building. *Id.* at 59; *see also United States v. Cruz Pagan*, 537 F.2d 554, 557-58 (1st Cir. 1976) (rejecting a curtilage argument in an apartment building). Determining what constitutes a common area is a fact-specific inquiry. *Rheault*, 561 F.3d at 59-60. Gaps in the chain of custody for evidence normally affect the weight of evidence, not its admissibility. *Melendez-Diaz*, 557 U.S. at 311 n.1. A sentencing court may consider "relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a); *see also United States v. Cintron-Echautegui*, 604 F.3d

1, 6 (1st Cir. 2010).

The parties do not dispute that the drugs were discovered outside petitioner's apartment. (Pet. Br. at 24-26). The factual record lacks sufficient detail to make a determination as to whether he had a legitimate expectation of privacy in the area where the drugs were discovered. He bears the burden of showing that he had a legitimate expectation of privacy in the area, and he has not met that burden.

Petitioner's argument concerning the chain of custody for evidence is equally unavailing. He does not point to a specific defect in the chain of custody, and the government does not need to present a chain of custody for the court to consider the evidence at sentencing. Furthermore, he cannot demonstrate prejudice, as the drug weight had no impact on the his sentence. As previously noted, the Court sentenced him under the career offender guidelines, not based on drug weight. His sentence would not have changed even if the evidence had been excluded, and he is therefore not entitled to habeas relief on this ground.

### 3. Failure to Utilize *Apprendi/Booker*

Petitioner contends that counsel was ineffective for failing to utilize "the benefit of *Apprendi/Booker* on the sentencing factors to challenge the enhanced penalties of drug type and weight." (Pet. Mot. at 6). In *Apprendi*, the Supreme Court held that any fact other than a prior conviction "that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). A sentencing court does not violate *Apprendi* by using a "preponderance-of-the-evidence factfinding, even though it may pave the way for a stiffer sentence," as long as the sentence falls within the maximum established by facts proved beyond a reasonable doubt. *United States v.*

*Platte*, 577 F.3d 387, 391-92 (1st Cir. 2009).

Petitioner's claim of error under *Apprendi* is without merit. The government conceded that drug weight had not been proved beyond a reasonable doubt, so higher maximum sentences were not applicable, and petitioner therefore only faced a maximum sentence of 30 years. (Sent. Tr. at 11). Petitioner's sentence of 210 months falls well within the statutory maximum sentence. Furthermore, as noted, the Court sentenced petitioner based on his status as a career offender, not based on drug weight. Therefore, counsel was not ineffective for failing to raise an *Apprendi* claim.

Petitioner's claim that counsel failed to utilize the *Booker* sentencing factors is equally without merit. In *Booker*, the Supreme Court held that the statute making the Sentencing Guidelines mandatory was unconstitutional, but that sentencing courts were still required the Guideline recommendations and sentencing factors provided in the statute. 543 U.S. 220, 245-46, 259-60 (2005).

At sentencing, counsel made several arguments for a downward departure based on the sentencing factors in 18 U.S.C. § 3552(a)(2). Counsel pointed out that petitioner had a stable employment history, had served honorably in the military, had a stable family, was at a low risk of recidivism, and that a guideline sentence would create sentencing disparities. (Sent. Tr. at 54-62). Counsel did not fail to utilize the *Booker* sentencing factors, and presented relevant arguments in petitioner's favor. Therefore, petitioner did not receive ineffective assistance of counsel, and is not entitled to habeas relief on any of the grounds raised.

### E.     Motion for a Hearing

In his brief, petitioner stated that "compelling evidence of sentencing factor manipulation

by the government warrants an evidentiary hearing to determine the effect this government conduct had on the minimum mandatory sentence." (Pet. Br. at 19). Petitioner also filed a motion with the Court requesting a hearing because he felt that writing letters was not "a viable solution to the issues," and he was unable to "explain and defend my position on my claims sufficiently in letter form." (Docket No. 72). He did not indicate that he was seeking an evidentiary hearing at that time, but seemed to be requesting oral argument.

A petitioner bringing a § 2255 motion is not entitled to an evidentiary hearing and bears the burden of establishing the need for such a hearing. *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993). An evidentiary hearing is not required "where the district judge is thoroughly familiar with the case as, for example, when he presides at both a change of plea hearing and sentencing." *Ouelette v. United States*, 862 F.2d 371, 377 (1st Cir. 1988).

Petitioner has made no arguments in support of the need for an evidentiary hearing, nor has he indicated what facts might be elicited at such a hearing. Petitioner has not met his burden to show why an evidentiary hearing is necessary and that request will be denied. To the extent that his September 10 motion is seeking oral argument, that motion will also be denied. His brief presents his arguments clearly and effectively, and no oral argument is necessary. The motion for a hearing for oral argument will therefore be denied.

**III.   Conclusion**

For the foregoing reasons, petitioner's motion to vacate, set aside or correct his sentence is DENIED, and the petition is DISMISSED. Petitioner's motion for an evidentiary hearing or oral argument is also DENIED.

**So Ordered.**

                                                        /s/ F. Dennis Saylor  
                                                        F. Dennis Saylor IV  
Dated: October 15, 2012                          United States District Judge